UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNION ELECTRIC CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14 CV 31 RWS |
| | ) |
| CHICAGO BRIDGE & IRON COMPANY, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before me on Defendant CB&I Stone & Webster Construction, Inc. ("S&WC")'s Motion for Clarification of March 19, 2015 Memorandum and Order. In my March 19, 2015 Order, I granted S&WC's Motion for Partial Judgment on the Pleadings, dismissing Plaintiff Union Electric Co. ("Ameren")'s complaint to the extent that it sought consequential or indirect damages, which are barred by the Limitation of Liability clause in the parties' Nuclear Services Agreement (the "Agreement"). S&WC now seeks clarification about whether Ameren's claims for category (f) damages, for $775,000 for payments made to S&WC for providing a "competent and capable site manager, superintendent and supervisors," are also barred by the Agreement. For the reasons stated below, I will deny S&WC's motion for partial judgment on the pleadings to the extent it relates to the category (f) damages.

## Background

In evaluating whether the category (f) damages are barred by the Agreement, I adopt and incorporate my March 19, 2015 Memorandum & Order in full and will only briefly review the background of the case.

On August 31, 2009, Ameren and S&WC entered into a services Agreement. Under the Agreement, S&WC was to perform modification and maintenance services at the Callaway Nuclear Power Plant upon Ameren's request. On April 2, 2013, S&WC's workers were performing work at Callaway when an arc flash occurred, causing property damage to a transformer and injuries to the S&WC workers. Id. at ¶ 15, 24(c). Ameren brought suit against S&WC, claiming that S&WC breached the Agreement and was negligent in causing the arc flash incident. In addition to seeking payment for the property damage caused to the transformer (category (a) damages), Ameren also sought damages for harms such as delays in plant operations, safety stand downs, and for re-training employees (the category (b) through (e) damages).

In my March 19, 2015 Memorandum & Order, I found that the category (b) through (e) damages were indirect or consequential damages and therefore barred by the Limitation of Liability clause in the parties' Agreement. Because it was unclear whether S&WC was challenging Ameren's category (f) damages in the motion for partial judgment on the pleadings, and whether Ameren continued to seek those damages, I did not address those damages in my March 19, 2015 Order.

On April 6, 2015, S&WC filed the instant motion to clarify. In that motion, S&WC states that its motion for partial judgment on the pleadings was directed to all pleaded damages, including the category (f) damages. As a result, I will now address whether the category (f) damages are indirect or consequential damages barred by the Limitation of Liability clause in the parties' Agreement.

**Discussion**

Ameren seeks category (f) damages of $775,000 for payments made to S&WC for services of a competent and capable site manager, superintendent and supervisors at Callaway, which Ameren alleges it did not receive. Compl. at ¶¶ 36, 51-53, 57-59. Ameren further alleges that S&WC was negligent in its failure to provide competent and capable supervision, and that this failure also breached the parties' Agreement. Id.

S&WC conclusorily asserts that the category (f) damages "cannot be characterized as being directly caused by S&WC's alleged breach of the Agreement or even by the Arc Flash Incident, but are incidental to the Arc Flash Incident." However, it never explains *why* these damages are incidental damages, and therefore barred by the Agreement, rather than direct damages, which are not barred by the Agreement.[1]

The Limitation of Liability clause, Section XXIX.B(ii) of the Agreement, provides:

B. Consequential Damages

(ii) With respect to claims for breach of contract and each other's property damage, neither Party and their parents, affiliates and subsidiaries shall be responsible to the other for consequential, incidental, indirect, punitive or exemplary losses or damages, or any liability for loss of revenue, loss of profit, loss of product, loss of replacement power or business interruption, loss of business opportunity, howsoever caused, including negligence, gross negligence, and strict liability.

Compl., [#1-1, Ex. A] at § XXIX.B(ii), p. 28.

---

[1] S&WC also argues that Ameren was contractually obligated to pay S&WC for its labor throughout the outage, so even if liability is established, Ameren was still obligated to pay S&WC for the leadership and services provided up to the date of, and the for the time following, the arc flash incident. "Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to a judgment as a matter of law." United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000) (citing Fed. R. Civ. P. 12(c)). Because Ameren seeks damages for the full $775,000 payment, and S&WC contends only a portion of that payment, if any, is related to its alleged role in causing the arc flash incident, I cannot say that no material issue of fact exists in regards to the calculation of damages. As a result, judgment as a matter of law on this question would be inappropriate.

The Agreement does not define the term "consequential damages." The Limitation of Liability clause, however, provides some guidance on what is meant by consequential or indirect damages by listing several examples of damages that are barred: "any liability for loss of revenue, loss of profit, loss of product, loss of replacement power or business interruption, loss of business opportunity." Compl., Ex. A at § XXIX.B(ii), p. 28. These examples are consistent with Missouri law and other definitions of consequential damages. The Missouri Court of Appeals for the Eastern District has defined consequential damages as "those damages naturally and proximately caused by the commission of the breach and those damages that reasonably could have been contemplated by the defendant at the time of the parties' agreement." Ullrich v. CADCO, Inc., 244 S.W.3d 772, 779 (Mo. App. 2008) (citation omitted). Black's Law Dictionary defines consequential damages as "[l]osses that do not flow directly and immediately from an injurious act but that result indirectly from the act." Damages, Black's Law Dictionary 17c (10th ed. 2014).

In contrast, damages that do flow directly and immediately from an act are direct damages. See Baybrook Dev. Co. v. Orient Handel, Inc., 562 F. Supp. 262, 263 (E.D. Mo. 1983) ("In Missouri an injured party may recover damages for breach of contract [for] . . . actual damages which are the direct and natural consequences of the breach."). See also Williams Const., Inc. v. Wehr Const., L.L.C., 403 S.W.3d 660, 666 (Mo. Ct. App. 2012) (quoting Birdsong v. Bydalek, 953 S.W.2d 103, 116 (Mo.App.1997) ("In an action for breach of contract, a plaintiff may recover the benefit of his or her bargain . . ."). The Restatement (Second) of Contracts also provides that, "the injured party has a right to damages based on his expectation interest as measured by (a) the loss in the value to him of the other party's performance caused by its failure or deficiency . . ." Restatement (Second) of Contracts § 347 (1981). See also

4

Comment (b) to Restatement (Second) of Contracts § 347 ("If defective or partial performance is rendered, the loss in value caused by the breach is equal to the difference between the value that the performance would have had if there had been no breach and the value of such performance as was actually rendered.").

Ameren alleges that it paid S&WC $775,000 for competent and capable site managers. Ameren also alleges that S&WC did not provide that service, resulting in a breach of the contract. Based on these allegations, if Ameren ultimately succeeds in its claim, it appears that Ameren would be entitled to the value that S&WC's performance would have had if there had been no alleged breach. See Restatement (Second) of Contracts § 347 (1981). Here, accepting the facts in the pleadings as true, the loss in value caused by the alleged breach is the $775,000 payment on the contract. Thus, Ameren's loss of its payment on the contract flows "directly and immediately" from the alleged breach of the contract. See Baybrook Dev. Co. v. Orient Handel, Inc., 562 F. Supp. 262, 263 (E.D. Mo. 1983); Williams Const., Inc. v. Wehr Const., L.L.C., 403 S.W.3d 660, 666 (Mo. Ct. App. 2012). This direct loss can easily be distinguished from the examples of the consequential damages listed in the Agreement as well as the category (b) through (e) damages, which are not the loss in value from the defective performance itself, but losses one step removed from the defective performance, e.g., the delays and re-trainings resulting from the defective performance.

Because the category (f) damages are not "consequential, incidental, indirect, punitive or exemplary losses or damages," Ameren's "claims for breach of contract and property damage, howsoever caused, including negligence," are not barred by the Limitation of Liability clause. See Compl., [#1-1, Ex. A] at § XXIX.B(ii), p. 28. Accepting the facts in Ameren's pleading as true, and construing them in the light most favorable to Ameren, it cannot be said that the

Limitation of Liability clause prohibits Ameren from recovering the $775,000 payment as a matter of law.  See United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000) (citing Fed. R. Civ. P. 12(c)).  As a result, I will deny S&WC's motion for partial judgment on the pleadings to the extent that it relates to the category (f) damages of $775,000 for payments made for a competent and capable site manager, superintendent and supervisors.

Accordingly,

**IT IS HEREBY ORDERED** that defendant CB&I Stone & Webster Construction, Inc.'s Motion for Clarification of March 19, 2015 Memorandum and Order #[61] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that defendant CB&I Stone & Webster Construction, Inc.'s Motion for Partial Judgment on the Pleadings #[26] is **DENIED** as to the category (f) damages**.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2015.