UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNION ELECTRIC CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14 CV 31 RWS |
| ) | |
| CHICAGO BRIDGE & IRON COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case arises from an incident that occurred when Defendant CB&I Stone & Webster Construction, Inc. ("S&WC") was performing maintenance services at Plaintiff Union Electric Company ("Ameren")'s Callaway Nuclear Power Plant. Ameren claims that S&WC's workers were negligent in performing the maintenance and that their negligence caused an arc flash incident to occur. Ameren brings suit against S&WC for breach of contract and negligence.

Pending before me now is S&WC's Motion to Strike and/or Exclude a Portion of Plaintiff's Expert Disclosure, and S&WC's Motion to Compel. Both motions relate to the disclosures and deposition testimony of Mr. Barry Cox, Ameren's Rule 26(a)(2) expert and Rule 30(b)(6) corporate representative.

### Discussion

A. S&WC's Motion to Strike and/or Exclude A Portion of Plaintiff's Expert Disclosure

S&WC argues that I should strike and/or exclude a portion of Ameren's Rule 26(a)(2)(C) disclosure wherein Ameren's employee, Mr. Cox, "purports to give an expert opinion on the interpretation and application of the Limitation of Liability clause in the parties' Nuclear Services Agreement." S&WC argues that this portion of the disclosure be striken, and that Mr.

Cox should not be allowed to testify on this matter, because it amounts to an improper legal conclusion.

Federal Rule of Civil Procedure 12(f) permits a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Although motions to strike are not favored, resolution of such motions lies within the sound discretion of the court. Johnson v. Metropolitan Sewer District, 926 F.Supp. 874, 875 (E.D.Mo. 1996). Ameren's Rule 26(a)(2)(C) disclosure is not a "pleading," and the challenged text in Mr. Cox's disclosure does not fall within the category of materials appropriately stricken pursuant to Rule 12(f). As a result, S&WC's motion to strike Mr. Cox's disclosure will be denied.

Additionally, S&WC's request to exclude or limit Mr. Cox's testimony pursuant to Fed. R. Civ. P. 702(a) will also be denied, without prejudice, because it is premature at this stage of the case. Such matters are better taken up during the time designated for the filing of pretrial motions, or during the course of trial. See Case Management Order [#16] & Amended Case Management Orders.

B.  S&WC's Motion to Compel

S&WC's motion to compel involves the deposition of Mr. Cox. At Mr. Cox's deposition, when asked why he left his position with his previous employer, Mr. Cox replied that he left "for personal reasons." Mr. Cox refused to provide any further details of the circumstances surrounding his exit because he has a confidentiality agreement with his former employer, Entergy Corporation.

S&WC seeks an order pursuant to Fed. R. Civ. P. 37 directing Ameren to produce a copy of any separation agreement or other agreement between Mr. Cox and Entergy related to his

departure; to produce Mr. Cox's Security Background Form; to produce Mr. Cox to answer questions under oath about the reasons and circumstance surrounding his departure from Entergy; and ordering Ameren to pay S&WC reasonable expenses and attorneys' fees incurred in bringing this motion to compel and in resuming and concluding Mr. Cox's deposition. S&WC argues that the reason why Mr. Cox left his job with Entergy is relevant to his qualifications as an expert witness. S&WC also argues that the Federal Rules providing for liberal discovery override private confidentiality agreements when legal privilege is not claimed.

Ameren opposes this motion, arguing that it is premature because S&WC never served formal discovery requests for this information, and because the documents Ameren seeks are not within its possession, nor are they documents that Ameren has a legal right to obtain. Ameren also objects that the documents and testimony that S&WC seeks to compel are irrelevant. In the alternative, Ameren suggests that, "presuming that Entergy Corporation has no objection, Mr. Cox has consented to present the agreement to the Court to allow it to conduct an in camera review" to determine if it is relevant.

An expert witness' qualifications are clearly relevant. See <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 589-93 (1993). And an expert is "qualified" through his "knowledge, skill, experience, training or education." Fed. R. Evid. 702. Thus, if the reasons why Mr. Cox left his employment with Entergy relate to his knowledge, skills, and experience, they are relevant. Because I need more information to determine whether Mr. Cox's departure from Entergy is relevant to his qualifications, I will conduct an in camera review of the confidentiality agreement before ruling on the motion to compel. Accordingly, Ameren shall provide the Court with a copy of the confidentiality agreement no later than <u>May 29, 2015</u>. Additionally, because this matter involves the interests of a third party, Entergy, Ameren shall to

provide Entergy with a copy of this Order and I will give Entergy until May 22, 2015 to inform this Court of any reason that would preclude the Court from reviewing the confidentiality agreement in camera, and/or compelling the production of the confidentiality agreement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant CB&I Stone & Webster Construction, Inc.'s Motion to Strike and/or Exclude a Portion of Plaintiff's Expert Disclosure #[43] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Ameren shall provide the Court with a copy of Mr. Cox's confidentiality agreement with Entergy Corporation for in camera review no later than **May 29, 2015**.

**IT IS FURTHER ORDERED** that Plaintiff Ameren shall provide Entergy with prompt notice of this Order and its opportunity to respond no later than **May 22, 2015**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2015.

4